UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH WOODSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:12-cv-918-WTL-MJD |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Keith Woodson ("Woodson") for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**Background**

Woodson was convicted in 2005 of murder and carrying a handgun without a license. Woodson's convictions were affirmed on appeal in *Woodson v. State*, No. 49A02-0509-CR-0831 (Ind.Ct.App. July 13, 2006) ("*Woodson I*"). Woodson did not seek transfer. Woodson filed a petition for post-conviction relief and the Indiana Court of Appeals affirmed the denial of Woodson's petition for post-conviction relief in *Woodson v. State*, 961 N.E.2d 1035 (Ind.Ct.App. 2012) ("*Woodson II*"). Woodson sought transfer, claiming that trial counsel was ineffective for failing to present an expert regarding eyewitness identification. The Indiana Supreme Court denied Woodson's petition for transfer on April 19, 2012. Woodson filed his petition for writ of habeas corpus with this court on July 6, 2012.

**Discussion**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Woodson filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted); see also *Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

Woodson claims that he received ineffective assistance of trial counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984). Woodson's two ineffective assistance of counsel claims are that trial counsel rendered ineffective assistance by failing to: 1) properly

impeach an eyewitness; and 2) call an expert regarding eyewitness identification.

*Impeachment of an eyewitness*: Woodson claims that trial counsel was ineffective in failing to properly impeach an eyewitness. Woodson did not include this claim in his petition to transfer to the Indiana Supreme Court. "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 124 S. Ct. 1847, 1849 (2004). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). That is the case with respect to this claim.

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's "*actual* and substantial disadvantage)"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence. *Conner v. McBride,* (7th Cir. July 20, 2004)(internal citations omitted)). Although Woodson argues in his reply that failure to consider his claim would result in a fundamental miscarriage of justice, he has not shown such circumstances here.

*Calling an Expert Regarding Eyewitness Identification*: Woodson's second claim is that trial counsel did not call an expert regarding eyewitness identification. The Sixth Amendment guarantees the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 687. The Supreme Court framed the determinative question as "whether counsel's conduct so undermined

the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

> Under *Strickland,* [a defendant] must prove two elements: (1) that his trial counsel's performance fell below "an objective standard of reasonableness," *id.* at 688; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. For the second element, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

*Daniels v. Knight,* 476 F.3d 426, 433-34 (7th Cir. 2007)(omitting parallel citations).

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of a case such as Woodson presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted). As to this ineffectiveness claim, the Indiana Court of Appeals reviewed Woodson's claim and determined that:

> Here, there were not one but two eyewitnesses giving consistent statements about Woodson's identity, and Woodson also presented an alibi defense that presented a central issue that the jury had to consider aside from the eyewitness testimony. True, there was no corroborating surveillance video in this case. Regardless, the

> facts of *Farris* [*v. State*, 818 N.E.2d 63 (Ind.Ct.App. 2004)] and Woodson's case are so similar that a trial court likely would have properly excluded any eyewitness identification testimony in Woodson's case on the basis of *Farris.*

*Woodson II*, 961 N.E.2d at 1044.

The Indiana Court of Appeals did not apply the *Strickland* standard in a manner contrary to the holdings of the United States Supreme Court, nor did its analysis constitute an objectively unreasonable application of *Strickland*'s standard requiring both a showing of both deficient performance and prejudice. There was no deficient performance of counsel under these circumstances. It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473, 483-84 (7th Cir. 2002), no such error occurred in Woodson's case. Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Woodson's claim of ineffective assistance of trial counsel regarding his counsel's failure to call an identification witness expert does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

**Conclusion**

This court has carefully reviewed the state record in light of Woodson's claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). Woodson's habeas petition does not present such a situation. Woodson's petition for a

writ of habeas corpus [1] is therefore **denied.** Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Woodson has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling@ or "debatable whether the petition states a valid claim of the denial of a constitutional right. . . ." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 7/10/13

Distribution:

Keith Woodson
No. 964365
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Kelly.miklos@atg.in.gov

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana